# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Carlos J. Bruyn　　　　　　　　　　　　　　　Case No: 12-29763
　　　　Juana L. Bruyn　　　　　　　　　　　　　　　　Chapter 13

　　　　　　　　Debtor　　　　　／

## MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of Oakview IV Condominium Association Inc.(the "Lienholder").  Lienholder holds a lien recorded at OR Book 27788 Page 1534 in the official records of  Miami-Dade County, Florida.

2. The real property is located at 9195 Fontainbleau Blvd. #5, Miami, Florida 33172, and is more particularly described as follows:

> OAKVIEW  CONDO  NO  4  BLDG  9195
> UNIT 5 UNDIV 2.9738% INT IN COMMON
> ELEMENTS  CLERKS  FILE  75R226121
> F/A/U 30-3051-014-0370

3. At the time of the filing of this case, the value of the real property is $118,220 as determined by 2011 Miami-Dade County Property Appraiser market value.

4. OneWest Bank FSB hold liens on the real property, senior to priority to Lienholder, securing claims in the aggregate amount of $ 270,103.

5. *(Select only one):*

    __X__ Lienholder's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lienholder, the value of Lienholder's secured interest in the real property is $0.

    ____ Lienholder's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lienholder, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lienholder's secured interest in the real property is $ _____ and the value of the Lienholder's unsecured, deficiency claim is $ _____.

6. The undersigned reviewed the docket and claims register and states (select only one):

    __X__ Lienholder has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lienholder unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

    or

    ____ Lienholder filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

   **WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lienholder's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lienholder's secured interest in the real property is determined to be $0, deeming Lienholder's mortgage on the real property void and extinguished automatically,

without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

LEGAL SERVICES OF GREATER
MIAMI, INC.

By _____/s/_____
    Carolina A. Lombardi
    Florida Bar No. 241970
    Attorney for Debtors
    3000 Biscayne Boulevard
    Suite 500
    Miami, FL 33137
    Telephone: (305) 438-2427
    Facsimile: (305) 438-2427
    Primary Email: Clombardi@lsmi.org
    Secondary Email: Ozaribaf@lsgmi.org