

ORDERED in the Southern District of Florida on November 8, 2012.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:  Carlos J. Bruyn                              Case No: 12-29763
       Juana L. Bruyn                              Chapter 13

               Debtor               /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY**
**OAKVIEW IV CONDOMINIUM ASSOCIATION**

THIS CASE came to be heard on November 6, 2012, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 24; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 9195 Fontainbleau Blvd. #5, Miami, Florida 33172, and more particularly described as

        OAKVIEW CONDO NO 4 BLDG 9195 UNIT 5
        UNDIV 2.9738% INT IN COMMON
        ELEMENTS CLERKS FILE 75R226121 F/A/U
        30-3051-014-0370

is $18,220 at the time of the filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of Oakview IV Condominium Association ("Lienholder") is $270,103.

C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lienholder is $ -0- and Lienholder has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lienholder has an allowed secured claim in the amount of $ -0- .

3.    Because Lienholder's secured interest in the Real Property is $0, Lienholder's lien recorded on August 11, 2011, at OR BOOK 27788 Page 1534 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lienholder's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.    (Select only one):

    <u> XX </u> Lienholder has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lienholder unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it

          shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

LEGAL SERVICES OF GREATER MIAMI, INC.

By    /s/
    Carolina A. Lombardi
    Florida Bar No. 241970
    Attorney for Debtors
    3000 Biscayne Boulevard Suite 500
    Miami, FL 33137
    Telephone: (305) 438-2427
    Facsimile: (305) 573-5800
    Primary Email: Clombardi@lsmi.org
    Secondary Email: Ozaribaf@lsgmi.org

Attorney Carolina A. Lombardi is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.